# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8719 | **DATE** | 5/12/2003 |
| **CASE TITLE** | Webb vs. Peerless Industries | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the court is Defendant's motion for summary judgment, brought pursuant to Federal Rule of Procedure 56. Defendant's motion is granted.

*/s/ Charles R. Norgle*

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials

FILED FOR DOCKETING
03 MAY 12 PM 5:26

Date/time received in central Clerk's Office

number of notices

MAY 1 3 2003
date docketed

docketing deputy initials

Document Number
22

date mailed notice

mailing deputy initials

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LAWANDA WEBB, | ) | **DOCKETED** |
| Plaintiff, | ) No. 01 C 8719 | MAY 1 3 2003 |
| v. | ) Judge Charles R. Norgle Sr. | |
| PEERLESS INDUSTRIES, Inc., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, SR. District Judge

Before the court is Defendant's Motion for Summary Judgment. For the following reasons, Defendant's motion is granted.

## I. BACKGROUND

Plaintiff, Lawanda Webb ("Webb") brings this action pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981 alleging racial discrimination. Webb claims that Defendant, Peerless Industries, Inc. ("Peerless"), failed to provide a non-hostile work environment. Webb further asserts that her supervisor, Carole Conrad ("Conrad"), mentally and physically abused her for a period of time, and that management failed to take appropriate corrective action after learning of the alleged abuse.

In October 1999, Peerless hired Webb as a mail room clerk after she worked as a temporary employee on two different occasions. Webb alleges that during her employment with Peerless, Conrad mistreated her. Webb alleges, *inter alia*, that on two occasions she was confronted by Conrad and admonished not to complain to higher management about her workload or about Conrad. Webb asserts that during the first confrontation, in February 2000, Conrad poked her in the head with

her fingers. At the second confrontation, on or about August 29, 2000, Webb resigned, giving two weeks notice after Conrad allegedly admonished Webb again not to complain to higher management. Webb's last day of employment with Peerless was September 12, 2000.

In her exit interview, Webb mentioned several incidents or complaints about Conrad, but did not mention race as the motivation for Conrad's alleged behavior. Webb filed a charge against Peerless with the United States Equal Employment Opportunity Commission on August 10, 2001, and received a Notice of Right to Sue on August 21, 2001.

On November 13, 2001, Webb filed her complaint in the United States District Court for the Northern District of Illinois. On December 12, 2002, Peerless filed a Motion for Summary Judgment, Memorandum in Support of its Motion, and 56.1(a) Statement of Material Facts. On January 16, 2003, Webb filed her response to Defendant's Motion for Summary Judgment, titled "Plaintiff [A]nswer Defendant Attorney Concerning 56.1(a) Statement About the Law". For some unknown reason, Webb's response was not docketed until March 20, 2003. The court will now address Peerless' Motion for Summary Judgment based on the submissions before it.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment should be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Summary judgment is appropriate only in circumstances where 'the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party.'" Harriston v. Chicago Tribune Co., 992 F.2d 697, 704 (7th Cir. 1993) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmoving party cannot rest on the pleadings alone, but must identify facts, see

Cornfield v. Consolidated High Sch. Dist. No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine tribal issue of a material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999); see also Shank v. William R. Hague, Inc., 192 F.3d 675, 682 (7th Cir. 1999) (stating that a party opposing summary judgment must present "what evidence it has that would convince a trier of fact to accept its version of events.").

A defendant is entitled to put the plaintiff to his proofs and demand a showing of the evidence. See, e.g., Navarro v. Fuji Heavy Indus., Ltd., 117 F.3d 1027, 1030 (7th Cir. 1997). If the plaintiff fails to come up with the required proof, the defendant is entitled to summary judgment. See id. It bears repeating that the plaintiff must present evidence, rather than speculation and conclusions without factual support. See Rand v. CF Industries, Inc., 42 F.3d 1139, 1146-47 (7th Cir. 1994).

## B. Webb's Race Discrimination Claims

Under a Title VII claim, a plaintiff is required to provide evidence supporting her race discrimination claim by one of two methods, either directly or indirectly. Lim v. Trustees of Ind. Univ., 297 F.3d 578, 580 (7th Cir. 2002). A claim under § 1981 includes the same elements and employs the same analysis and methods of proof as a Title VII claim. See Johnson v. City of Fort Wayne, 91 F.3d 922, 940 (7th Cir. 1996). Therefore, the court will address Webb's Title VII and § 1981 claims jointly.

### i. Direct Method

Webb can directly establish a cause of action for discrimination by putting in enough evidence (direct or circumstantial) to demonstrate that Peerless discriminated against Webb because

3

of her race. See, e.g., Troupe v. May Dep't Stores Co., 20 F.3d 734, 736 (7th Cir. 1994). Direct evidence is "smoking gun" evidence, such as "[w]e [treated you differently] because of your [race]." Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000) (analyzing the McDonnell-Douglas test in an ADA/age discrimination case). Webb may also use circumstantial evidence to show Peerless' discriminatory intent. Webb may present different types of circumstantial evidence such as "suspicious timing, ambiguous statements, behavior toward or comments directed at other [people] in the protected group, and other evidence from which an inference of discriminatory intent might be drawn . . . ." Huff v. Uarco, Inc., 122 F.3d 374, 380 (7th Cir. 1997).

In this case, Webb has provided no direct or circumstantial evidence regarding Peerless' conduct that implies a discriminatory intent or motive. Webb only pleads her own self-serving statements as to what was said or done, accompanied by her speculative conclusions regarding motive. The Seventh Circuit has held that self-serving statements, without any factual support in the record, "are insufficient to defeat a motion for summary judgment." Palmer v. Marion County, No. 02-2267, – F.3d –, 2003 WL 1989676, at *1 (7th Cir. May 1, 2003) (citing Albiero V. City of Kankakee, 246 F.3d 927, 933 (7th Cir. 2001). Therefore, the court turns to the second method to analyze Webb's claim.

ii. **Indirect Method**

The second method Webb may use to prove discrimination is the indirect method, or the McDonnell-Douglas burden-shifting method. The framework for this frequently used method was first set out in McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). In order to satisfy this test, Webb must first establish a prima facie case of discrimination. See Adusumilli v. City of Chicago, 164 F.3d 353, 362 (7th Cir. 1998). The Seventh Circuit has consistently held that "the

4

prima facie case under McDonnell-Douglas must be established and not merely incanted." See, e.g., Coco v. Elmwood Care, 128 F.3d 1177, 1178 (7th Cir. 1997).

To establish a prima facie case, Webb must demonstrate that: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) her employer treated similarly situated employees more favorably. See Cheek v. Peabody Coal Co., 97 F.3d 200, 204 (7th Cir. 1996). If Webb cannot establish a prima facie case, the analysis ends and her claims fail. See Plair v E.J. Brach & Sons, 105 F.3d 343, 347 (7th Cir. 1997) (citing Randle v. LaSalle Telecommunications, 876 F.2d 563, 569 (7th Cir. 1989)). If a plaintiff is unable to establish a prima facie case of discrimination under McDonnell-Douglas, an employer should not be subjected to a pretext inquiry. Peele v. Country Mut. Ins. Co., 288 F.3d 319, 327 (7th Cir. 2002); Contreras v. Suncast Corp., 237 F.3d 756, 761 (7th Cir. 2001); Robin, 200 F.3d at 1090; Coco, 128 F.3d at 1179; Plair, 105 F.3d at 347.

If Webb succeeds in demonstrating that there is a prima facie case with evidentiary-quality materials, the burden shifts to Peerless to show that its conduct was legitimate and non-discriminatory. See Robin, 200 F.3d at 1088. If Peerless does so, the presumption of discrimination disappears and the burden shifts back to Webb to show that Peerless' articulated reasons for its conduct are a pretext for intentional discrimination. See id. The focus of the pretext inquiry is whether the defendant's articulated legitimate reasons were honest, not whether it was accurate, wise, or well-considered. See Stewart v. Henderson, 207 F.3d 374, 378 (7th Cir. 2000). In short, pretext means a lie, "and without proof of a lie, no inference of discriminatory motive can be drawn." Olsen v. Marshall & Ilsley Corp., 267 F.3d 597, 602 (7th Cir. 2001). In order to prove pretext, Webb's burden is to rebut the articulated reasons for Peerless' conduct. See Plair, 105 F.3d

5

at 349. Despite these shifting burdens of production, the ultimate burden of persuasion always remains with the plaintiff. See Adusumilli, 164 F.3d at 362.

With these principles in mind, the court turns to the facts of the case at bar. The court finds that Webb is unable to establish a prima facie case of race discrimination. There is no dispute that Webb is a member of a protected class based on her racial minority. However, Webb has not provided any evidence that shows she was meeting Peerless' legitimate performance expectations, that she suffered an adverse employment action, or that Peerless treated similarly situated employees more favorably.

Webb has produced no evidence that she was meeting Peerless' legitimate performance expectations. Further there is no evidence that similarly situated employees were treated more favorably than Webb. In order for Webb to defeat a motion for summary judgment, she cannot rely on her pleadings alone. See Cornfield, 991 F.2d at 1320. She must identify evidence, not speculation and conclusions that have no factual support. See Rand, 42 F.3d at 1146-47.

For purposes of this opinion, the court assumes arguendo that Webb claims constructive discharge as an adverse employment action. To establish a claim of constructive discharge, Webb needs to show that Peerless made her working conditions so intolerable that she was forced to resign voluntarily. Tutman v. WBBM-TV Inc./CBS, Inc., 209 F.3d 1044, 1050 (7th Cir. 2000). Here, as in Tutman, the court finds that Webb's allegations do not show that her working conditions were so onerous or demeaning that she was compelled to leave her employment with Peerless. See Harriston, 922 F.2d at 705; see also Bartman v. Allis-Chalmers Corp., 799 F.2d 311, 314 (7th Cir. 1986). Webb resigned her employment during a confrontation with Conrad, then continued to work for thirteen days after her resignation. The fact that Webb was willing to voluntarily return for

6

thirteen days after an alleged threat by Conrad evinces that the work environment was not intolerable, and that the conditions did not lead to constructive discharge. See Brooms v. Regal Tube Co., 881 F.2d 412, 423-24 (7th Cir. 1989) (characterizing working conditions that involved a series of escalating sexual remarks culminating in a physical assault and death threat as "intolerable"). See also Taylor v. Western & Southern Life Ins. Co., 966 F.2d 1188, 1191, 1199 (7th Cir. 1992) (stating that a work environment in which a manager held a gun to his subordinate's temple, took a picture and then circulated the picture at a company meeting, stating "this is what a nigger looks like with a gun to his head" is "intolerable"). The conditions Webb allegedly suffered to do not rise to the level of intolerance sufficient to support a claim of constructive discharge.

Therefore, Webb has not demonstrated an adverse employment action because she was not terminated or constructively terminated because of her race. Webb has not demonstrated that she was meeting Peerless' legitimate performance expectations, that she suffered an adverse employment action, or that Peerless treated similarly situated employees more favorably. Therefore, Webb's claims fail because she cannot establish a prima facie case of race discrimination. See Plair, 105 F.3d at 347.

Although the burden does not shift to Peerless to articulate a nondiscriminatory purpose for its conduct, the court finds it useful to mention that Webb fails to adequately show that race was a motive behind Peerless' conduct. Even after her resignation, Webb failed to mention in her exit interview that she felt she was being discriminated against on the basis of her race. In fact, throughout her employment, the records show that there were conflicts of personality between Webb and Conrad, but Webb, though given ample opportunity for feedback, never mentioned anything about race, or made any claims about discrimination until twelve months after her resignation from Peerless.

Webb presents no evidence of illegal discrimination and has been unable to demonstrate the necessary elements needed to establish a prima facie case of race discrimination.

## III. CONCLUSION

For the foregoing reasons, Peerless' Motion for Summary Judgment brought pursuant to Fed. R. Civ. P. 56 is granted.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, SR., Judge
United States District Court

DATED: 5-12-03